Jonathan Shub (CA Bar #237708)
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: 215-238-1700
Email: jshub@kohnswift.com

*Attorneys for Plaintiff and the Class*

**[Additional Counsel Listed on Signature Page]**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HODSDON, on behalf of himself and all others similarly situated,<br><br>          Plaintiff<br>     v.<br><br>HILL'S PET NUTRITION, INC.,<br><br>          Defendant. | Case No.   19-1130<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Robert Hodsdon ("Plaintiff") brings this action, on behalf of himself and all others similarly situated, against Hill's Pet Nutrition, Inc. ("Hill's" or "Defendant") and alleges as follows:

## FACTUAL ALLEGATIONS

1.     Defendant sells pet food for dogs and has worked to build a premium brand specifically targeted at ingredient-conscious pet owners.

2.     Founded in 1939, Defendant claims to "make nutrition a cornerstone of veterinary medicine." Defendant sells its products through veterinary clinics (including those with on-line stores) and in leading national pet specialty chains, including PetSmart and Petco as well as online through vendors such as Amazon.

3.     Veterinarians usually prescribe the Science Diet and Prescription Diet product lines to address nutritional deficiencies and health issues. Therefore, the premium ingredients present in these pet foods are an important characteristic to consumers, including the Plaintiff and Class Members.

4.     At issue in this action are certain sizes and varieties of two pet food product lines: "Science Diet" and "Prescription Diet" (collectively "Hill's Products").[1]

---

[1] The products that are part of the Hill's Pet Nutrition dog food recall include the following canned dog food products (Plaintiff reserves the right to amend this list of affected products covered by this litigation as necessary):

•Hill's Prescription Diet c/d Multicare Canine Chicken & Vegetable Stew 12.5 oz.

2

1

2

***Hill's Misrepresentations***

3

4        5.        In its advertising, marketing material and packaging, Defendant

5    represents that Hill's Products provide "[n]utrition that can transform the lives of

6    pets and comfort the pet parents and vets who care for them."[2]

7

8        6.        In order to better sell its Products, and to entice veterinarians to

9    prescribe them, Defendant markets the Products as formulated and intended for

10

11    • Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 12.5 oz.

12    • Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 5.5 oz.
     • Hill's Prescription Diet z/d Canine 5.5 oz.
     • Hill's Prescription Diet g/d Canine 13 oz.

13    • Hill's Prescription Diet i/d Canine 13 oz.
     • Hill's Prescription Diet j/d Canine 13 oz.

14    • Hill's Prescription Diet k/d Canine 13 oz.
     • Hill's Prescription Diet w/d Canine 13 oz.

15    • Hill's Prescription Diet z/d Canine 13 oz.
     • Hill's Prescription Diet Metabolic + Mobility Canine Vegetable & Tuna Stew 12.5 oz.

16    • Hill's Prescription Diet w/d Canine Vegetable & Chicken Stew 12.5 oz.
     • Hill's Prescription Diet i/d Low Fat Canine Rice, Vegetable & Chicken Stew 12.5 oz.

17    • Hill's Prescription Diet Derm Defense Canine Chicken & Vegetable Stew 12.5 oz.
     • Hill's Science Diet Adult 7+ Small & Toy Breed Chicken & Barley Entrée Dog Food 5.8 oz.

18    • Hill's Science Diet Puppy Chicken & Barley Entrée 13 oz.
     • Hill's Science Diet Adult Chicken & Barley Entrée Dog Food 13 oz.

19    • Hill's Science Diet Adult Turkey & Barley Dog Food 13 oz.
     • Hill's Science Diet Adult Chicken & Beef Entrée Dog Food 13 oz.

20    • Hill's Science Diet Adult Light with Liver Dog Food 13 oz.

21    • Hill's Science Diet Adult 7+ Chicken & Barley Entrée Dog Food 13 oz.
     • Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13 oz.

22    • Hill's Science Diet Adult 7+ Turkey & Barley Entrée 13 oz.
     • Hill's Science Diet Adult 7+ Healthy Cuisine Braised Beef, Carrots & Peas Stew Dog Food 12.5

23    oz.
     • Hill's Science Diet Adult 7+ Youthful Vitality Chicken & Vegetable Stew Dog Food 12.5 oz.

24    https://www.hillspet.com/productlist?gclid=CjwKCAiA767jBRBqEiwAGdAOr98jryZUcUF6Qf

25    Rg_53XY__88eysTT6230JZpMAHvfUDhMi2G6akNRoCk6AQAvD_BwE&gclsrc=aw.ds (last
     accessed on February 19, 2019).

26

27    [2] https://www.hillspet.com/dog-food (last accessed on February 19, 2019).

28

**CLASS ACTION COMPLAINT**

dogs with specific needs or illnesses, such as: age-specific dietary needs, breed-specific dietary needs, digestive issues, heart issues, liver issues, or kidney issues.

7.     Defendant proudly declares that "We only accept ingredients from suppliers whose facilities meet stringent quality standards and who are approved by Hill's.  Not only is each ingredient examined to ensure its safety, we also analyze each product's ingredient profile for essential nutrients to ensure your pet gets the stringent, precise formulation they need."[3]

8.     Defendant goes on to state that "We conduct annual quality systems audits for all manufacturing facilities to ensure we meet the high standards your pet deserves. We demand compliance with current Good Manufacturing Practices (cGMP) and Hill's high quality standards, so your pet's food is produced under clean and sanitary conditions."[4]

9.     Further, Defendant declares that "We conduct final safety checks daily on every Hill's pet food product to help ensure the safety of your pet's food. Additionally, all finished products are physically inspected and tested for key nutrients prior to release to help ensure your pet gets a consistent product bag to bag."[5]

10.     Defendant clearly states that its products contain the "precise balance"

---

[3] https://www.hillspet.com/about-us/quality-and-safety (last accessed on February 19, 2019).
[4] *Id.*
[5] *Id.*

4

**CLASS ACTION COMPLAINT**

of nutrients needed for a healthy dog: "Guided by science, we formulate our food with precise balance so your pet gets all the nutrients they need — and none they don't."[6]

11.     The packaging for the Products include claims that the Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs."

12.     As demonstrated by the recall discussed below and the thousands of sickened and dead dogs who consumed Hill's Products, Defendant's representations about quality, ingredient supply, and product manufacturing and oversight are false.

### _The Recall_

13.     On January 31, 2019, Defendant announced an initial recall of canned Prescription Diet and Science Diet products. Hill's issued a press release detailing the risk of excessive vitamin D consumption and identifying certain affected products.

---

[6] https://www.hillspet.com/about-us/nutritional-philosophy (last accessed on February 19, 2019).

**CLASS ACTION COMPLAINT**

14.     On February 7, 2019, Defendant announced an expansion of the recall to include additional SKU and lot numbers of canned Prescription Diet and Science diet products.

15.     Hill's claims the excessive vitamin D is "due to a supplier error."[7]

### *The Price Premium*

16.     Defendant charges a premium price for its Products.  As demonstrated by the below examples, the Hill's Products command a substantial premium over other dog food products:[8]

| Brand | Quantity | Price | Unit Price |
|---|---|---|---|
| Hill's Pres. Diet i/d Canine Chicken & Vegetable Stew 12.5 oz. | 12 cans | $39.99 | $3.33 per can $0.27 per ounce |
| Hill's Pres. Diet w/d Canine Vegetable & Chicken Stew 12.5 oz. | 12 cans | $38.99 | $3.25 per can $0.26 per ounce |
| Hill's Science Diet Adult Chicken & Barley Entrée Dog Food 13 oz. | 12 cans | $22.20 | $1.85 per can $0.14 per ounce |
| Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13 oz. | 12 cans | $22.20 | $1.85 per can $0.14 per ounce |
| Purina ONE SmartBlend Classic Ground Beef and Brown Rice Adult 13 oz. | 12 cans | $12.67 | $1.06 per can $0.08 per ounce |

---

[7] https://www.fda.gov/Safety/Recalls/ucm630232.htm (last accessed on February 19, 2019).
[8] Pricing information obtained from: https://www.chewy.com, accessed on 02/15/2019.

**CLASS ACTION COMPLAINT**

| | | | |
|---|---|---|---|
| Iams ProActive Health Adult Chicken and Whole Grain Rice Pate 13 oz. | 12 cans | $16.80 | $1.40 per can $0.11 per ounce |
| Nature's Recipe Easy-to-Digest Chicken, Rice & Barley Recipe Cuts in Gravy Stew 13.2 oz. | 12 cans | $13.99 | $1.17 per can $0.09 per ounce |
| Purina Dog Chow High Protein Chicken Classic Ground Canned Dog Food 13 oz. | 12 cans | $12.60 | $1.05 per can $0.08 per ounce |

17.     The presence of toxic levels of vitamin D in the Products leading to a high probability of endangering the health of the dogs and ultimately resulting in many sick and dead dogs indicates that the Hill's Products' value to the consumers is diminished, and consequently, the Products are worth substantially less than the premium prices paid for them.

18.     As a result of Defendant's misrepresentations, deceptive conduct and unfair practices, Plaintiff and class members suffered actual damages and economic losses because they overpaid for the Hill's Products not knowing that the Hill's Products had an adverse effect on their pets' health.

19.     Consumers are willing to pay a premium for Defendant's Products because these foods are represented to be specifically formulated for the particular health needs of dogs and to meet certain ingredient supply, quality, and manufacturing standards. In its advertising, marketing material and packaging,

**CLASS ACTION COMPLAINT**

Defendant represents, among other things, that Hill's Products provide "[n]utrition that can transform the lives of pets and comfort the pet parents and vets who care for them."[9]

20.    Instead, consumers paid a premium for a product that sickened or killed thousands of dogs. And, all Class Members despite having paid a premium price for supposedly healthy dog food marketed to be specifically formulated to address certain health concerns and to meet certain ingredient supply, quality, and manufacturing standards, did not receive what they paid for. Pet owners purchased the Hill's Products and paid the pricing premium because of the positive benefits to their dog's health, as claimed by Defendant. Instead of receiving these positive health benefits, these consumers were subject to expensive veterinary bills and related costs as they tried to address the illnesses caused by the excessive vitamin D levels in the Hill's Products.

21.    As a result of Defendant's deceptive conduct and/or unfair practices, Plaintiff and Class Members suffered actual damages and/or economic losses.

### _Additional Advertising and Marketing Misrepresentations_

22.    As described above and below, Defendant has engaged in an

---

[9] https://www.hillspet.com/dog-food (last accessed on February 19, 2019).

8

**CLASS ACTION COMPLAINT**

extensive, nationwide, uniform marketing and advertising campaign replete with misrepresentations and false statements concerning the nutritional advantage of the Science Diet and Prescription Diet product lines.

23.    Describing the quality of Hill's Products, Defendant's website[10] states a "commitment to quality" with more than 220 veterinarians, food scientists, technicians and Ph.D. nutritionists developing all of Hill's pet foods. Defendant also states that ingredients are accepted only from suppliers whose facilities meet stringent quality standards and who are approved by Defendant. Each ingredient is supposedly examined to ensure its safety.[11]

24.    Another component to Defendant's deceptive marketing and advertising campaign for its Prescription Diet product line is its alliance with veterinarians[12] which emphasizes a "unique position to find a solution" to dietary and health issues that dogs may face.

25.    Additionally, Defendant claims that its Science Diet product line would feed "your dog's best life" with biology based nutrition.[13]

### Defendant's Misrepresentations and Omissions are Material to Consumers

26.    Although pet foods vary in the quality of ingredients, formula,

---

[10] https://www.hillspet.com/about-us/quality-and-safety (Last visited on February 12, 2019).
[11] Id.
[12] https://www.hillspet.com/prescription-diet/dog-food (Last visited on February 12, 2019).
[13] https://www.hillspet.com/science-diet/dog-food (Last visited on February 12, 2019)/

**CLASS ACTION COMPLAINT**

manufacturing processes and inspection quality, and nutritional value, premium or ultra-premium pet foods, like Hill's Products, typically have higher standards with respect to each of these important variables.

27.    Hill's Pet Nutrition Prescription Diet and Science Diet product lines are typically sold through a veterinarian's office and provide tailored nutritional care to help with conditions including obesity, digestive problems, skin sensitivities, kidney problems, aging joints, diabetes, liver problems, heart health, and more.

28.    Hill's Products emphasize nutritional value for the dogs consuming them.  Pet owners generally buy them to address a health issue or nutritional deficiency that their dog may be experiencing – and pay a premium price to do so.

29.    Accordingly, Defendant's ultra-premium pet foods are higher priced with larger mark-ups.

## **PARTIES**

30.    Plaintiff Robert Hodsdon is a citizen of California and resides in Petaluma, California.  At various times within the Relevant Time Period (defined below), Plaintiff Hodsdon purchased the following Hill's Product: Hill's Science Diet Adult Chicken & Barley Entrée Dog Food 13oz.

31.    Defendant Hill's Pet Nutrition is a Kansas corporation with its corporate headquarters located at 400 South West 8th Street, Topeka, Kansas

**CLASS ACTION COMPLAINT**

66603.  Defendant markets, advertises, distributes and sells various pet food products nationwide, including the Hill's Products covered by this action.

## JURISDICTION AND VENUE

32.    This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d).  The amount in controversy in this class action exceeds $5,000,000, exclusive of interest and costs, and there are numerous Class members who are citizens of states other than Defendant's states of citizenship.

33.    This Court has personal jurisdiction over Defendant in this matter. The acts and omissions giving rise to this action occurred in the state of California.  Defendant has been afforded due process because it has, at all times relevant to this matter, individually or through its agents, subsidiaries, officers and/or representatives, operated, conducted, engaged in and carried on a business venture in this state and/or maintained an office or agency in this state, and/or marketed, advertised, distributed and/or sold products, committed a statutory violation within this state related to the allegations made herein, and caused injuries to Plaintiff and putative Class Members, which arose out of the acts and omissions that occurred in the state of California, during the relevant time period, at which time Defendant was engaged in business activities in the state of California.

34.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2)

**CLASS ACTION COMPLAINT**

and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because Defendant transacts business and/or has agents within this District and has intentionally availed itself of the laws and markets within this district.

## CLASS ACTION ALLEGATIONS

35.    Plaintiff brings this action individually and as representative of all those similarly situated, pursuant to Federal Rule of Civil Procedure 23, on behalf of the below-defined Classes:

**National Class: All persons in the United States who purchased the Products during the relevant time period.**

36.    In the alternative, Plaintiff brings this action on behalf of the following California State Class:

**California State Class: All persons in the State of California who purchased the Products during the relevant time period.**

37.    Excluded from the Classes are Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; persons and entities that purchased Hill's Products for resale; the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and Class Counsel.

38.    Plaintiff reserves the right to redefine the Class(es), and/or requests for relief.

**CLASS ACTION COMPLAINT**

**_The Classes Satisfy the Rule 23 Requirements_**

39.    Members of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of Class members is presently unknown, and can only be ascertained through appropriate discovery, Plaintiff believes the members of the Class exceed thousands of persons, if not hundreds of thousands.

40.    Common questions of law and fact exist as to all members of the Classes and predominate over any questions solely affecting individual members of the Classes. Among questions of law and fact common to the Classes are:

    a.  Whether Hill's Products contain excessive levels of vitamin D;

    b.  Whether Hill's Products contain excessive vitamin D at levels high enough to injure and kill dogs;

    c.  Whether Defendant's labeling, advertising, and marketing is false;

    d.  Whether Defendant's labeling, advertising, and marketing is misleading;

    e.  Whether Defendant's labeling, advertising, and marketing is deceptive;

    f.  Whether Defendant's acts and omissions violated the California consumer protection statutes;

    g.  Whether Defendant breached warranties by making the

**CLASS ACTION COMPLAINT**

representations above;

h.  Whether Defendant was unjustly enriched by making the representations and omissions above;

i.  Whether Defendant's actions as described above violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.;

j.  Whether the Hill's Products' value to Class Members is diminished, and consequently, the Products are worth substantially less than the premium prices paid for them because of the toxic level of vitamin D; and

41.    Plaintiff's claims are typical of the claims of Classes because Plaintiff and each member of the Class purchased Hill's Products, and suffered damages and a loss of money as a result of that purchase.

42.    Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel.

43.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is

**CLASS ACTION COMPLAINT**

impracticable. Furthermore, as the damages suffered by the individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible for members of the Classes to individually redress the wrongs done to them.  There will be no difficulty in the management of this class action.

44.    Certification pursuant to Fed. R. Civ. 23(b)(1) is appropriate because prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would  substantially impair or impede their ability to protect their interests.

45.    Certification pursuant to Fed. R. Civ. 23(b)(2) is appropriate because Defendant has acted or refused to act on grounds that apply generally to the Classes so that final injunctive relief or corresponding declaratory relief is appropriate as to the Classes as a whole.

## CAUSES OF ACTION

## COUNT I

### VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
### (15 U.S.C. § 2301, *et seq.*)

47.    Plaintiff and Class members repeat and reallege and incorporate by reference each allegation set forth above and further allege as follows:

**CLASS ACTION COMPLAINT**

48.    Plaintiff brings this Count I individually and on behalf of the members of the Nationwide Class against Defendant.

49.    Hill's Products are consumer products as defined in 15 U.S.C. § 2301(1).

50.    Plaintiff Hodsdon and Class members are consumers as defined in 15 U.S.C. § 2301(3).

51.    Plaintiff Hodsdon purchased Hill's Products costing more than $5 and his individual claims are greater than $25 as required by 15 U.S.C. § 2302(e) and 15 U.S.C. § 2310(d)(3)(A).

52.    Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

53.    In connection with the sale of Hill's Products, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the products, among other things,  "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs."  Additional written warranties as defined in 15 U.S.C. § 2301(6) issued by Defendant in connection with the sale of the Hill's Products were that "We only accept

ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

54.     Defendant breached these written warranties because the Hill's Products contained excessive and toxic levels of vitamin D harmful to pet health.

55.     By reason of Defendant's breach of the written warranties, Defendant violated the statutory rights due Plaintiff Hodsdon and Class Members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiff Hodsdon and Class Members.

56.     Within a reasonable time after Plaintiff knew or should have known of such failure to conform, Plaintiff gave Defendant notice thereof.

<u>COUNT II</u>

**BREACH OF EXPRESS WARRANTY**

57.     Plaintiff repeats and realleges each and every allegation above, as if set forth in full herein.

58.     Defendant sold, and Plaintiff and members of the Class purchased Hill's Products.

59.     Defendant represented in its marketing, advertising, and promotion of Hill's  Products that those products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean

**CLASS ACTION COMPLAINT**

muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs." Defendant also represented that "We only accept ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

60.    The Hill's Products did not conform to Defendant's representations and warranties in that they contained excessive and toxic levels of vitamin D harmful to pet health.

61.    Within a reasonable time after Plaintiff knew or should have known of such failure to conform, Plaintiff gave Defendant notice thereof, and Defendant has been put on notice of the breach by way of the numerous Complaints that have been filed against Defendant before the date of this Complaint.

62.    As a direct and proximate result of Defendant's breaches of its express warranty and failure of the Hill's Products to conform, Plaintiff and members of the Class have been damaged in that they did not receive the product as specifically warranted and/or paid a premium for the product and incurred veterinary expenses to treat their ill pets.

## COUNT III

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

63.    Plaintiff repeats and realleges each and every allegation above, as if set forth in full herein.

**CLASS ACTION COMPLAINT**

64.     Defendant sold and Plaintiff and members of the Class purchased Hill's Products.

65.     When sold by Defendant, the Hill's Products were not merchantable, did not pass without objection in the trade under the label description, were not of fair average quality within that description, were not fit for the ordinary purposes for which such goods are used, and did not conform to the promises or affirmations of fact made on the container or label because of the excessive and toxic levels of vitamin D.

66.     Within a reasonable time after Plaintiff knew or should have known that the product was not fit for such purpose and/or was not otherwise merchantable as set forth above, Plaintiff gave Defendant notice thereof.

67.     As a direct result of the Hill's Products being unfit for such purpose and/or otherwise not merchantable, Plaintiff and the members of the Class were damaged in that they did not receive the product as warranted and/or paid a premium for the product and incurred veterinary expenses to treat their ill pets.

## COUNT IV

## UNJUST ENRICHMENT

### (In the Alternative to Count II)

68.     Plaintiff repeats the allegations of the foregoing paragraphs, as if fully set forth herein.

**CLASS ACTION COMPLAINT**

69.     Plaintiff conferred benefits on Defendant by purchasing Hill's Products at a premium price.

70.     Defendant has knowledge of such benefits.

71.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of Hill's Products. Retention of those moneys under these circumstances is unjust and inequitable because Defendant falsely and misleadingly represented,  among other things, that its Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," "meet[ ] the special nutritional needs of puppies and adult dogs," contains "ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety" when, in fact, the Hill's Products contained excessive levels of vitamin D harmful to pet health, which caused injuries to Plaintiff and members of the Class because they would not have purchased (or paid a price premium) for Hill's Products had the true facts been known.

72.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class Members for its unjust

**CLASS ACTION COMPLAINT**

enrichment, as ordered by the Court.

## COUNT V

### CALIFORNIA'S UNFAIR COMPETITION LAW
### Cal. Bus. & Prof. Code § 17200 et seq. ("UCL")

### (On Behalf of the California Class)

73.     Plaintiff repeats and realleges each and every allegation above, as if set forth in full herein.

74.     The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

75.     The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute business acts and practices.

76.     <u>Unlawful</u>:  The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

a.     The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq.;

b.     The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.;

c.     The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq.; and

d.     The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 110100 et seq.

77.     <u>Unfair</u>: Defendant's conduct with respect to the labeling, advertising, and sale of the Products was "unfair" because Defendant's conduct was immoral,

**CLASS ACTION COMPLAINT**

unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

78.    Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the applicable sections of: the Consumers Legal Remedies Act, the False Advertising Law, the Federal Food, Drug, and Cosmetic Act, and the California Sherman Food, Drug, and Cosmetic Law.

79.    Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumer themselves could reasonably have avoided.

80.    <u>Fraudulent</u>:  A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

81.    As set forth herein, Defendant's claims relating the ingredients stated on the Products' labeling and moreover Defendant's representations about quality, ingredient supply, and product manufacturing and oversight, as stated above, are false likely to mislead or deceive the public.

**CLASS ACTION COMPLAINT**

82.     Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged Products to unwary consumers.

83.     Plaintiff and Class Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information on the Products' packaging. Thus, injunctive relief enjoining Defendant's deceptive practices is proper.

84.     Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members.  Plaintiff has suffered injury in fact as a result of Defendant's unlawful conduct.

85.     In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

86.     Plaintiff and the Class also seek an order for and restitution of all monies from the sale of the Products, which were unjustly acquired through acts of unlawful competition.

**CLASS ACTION COMPLAINT**

## COUNT VI

### CALIFORNIA'S FALSE ADVERTISING LAW
### Cal. Bus. & Prof. Code § 17500 ("FAL")

### (On Behalf of the California Class)

87.     Plaintiff repeats and realleges each and every allegation above, as if set forth in full herein.

88.     The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

89.     It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Id.

90.     As alleged herein, the advertisements, labeling, policies, acts, and practices of Defendant relating to the Products misled consumers acting reasonably as to Defendant's representations about quality, ingredient supply, and product manufacturing and oversight, as stated above.

91.     Plaintiff suffered injury in fact as a result of Defendant's actions as set forth herein because he purchased the Products in reliance on Defendant's false and misleading labeling claims concerning the Products', among other things, quality, ingredient supply, and product manufacturing and oversight, as stated above.

92.     Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Products in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

93.     Defendant profited from its sale of the falsely and deceptively advertised Products to unwary consumers.

94.     As a result, Plaintiff, the California Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

95.     Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of himself and the California Class, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

**CLASS ACTION COMPLAINT**

# COUNT VII

## CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
## Cal. Civ. Code § 1750 et seq. ("CLRA")

### (On Behalf of the California Class)

96.     Plaintiff repeats and realleges each and every allegation above, as if set forth in full herein.

97.     The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

98.     Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

    a.  § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

    b.  § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

    c.  § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

    d.  § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

99.     Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

**CLASS ACTION COMPLAINT**

100.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

101.    Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff provided a letter to Defendant with notice of its alleged violations of the CLRA, demanding that Defendant correct such violations, and providing it with the opportunity to correct its business practices.  If Defendant does not thereafter correct its business practices, Plaintiff will amend (or seek leave to amend) the complaint to add claims for monetary relief, including restitution and actual damages under the Consumers Legal Remedies Act.

102.    Pursuant to California Civil Code § 1780, Plaintiff seeks injunctive relief, their reasonable attorney fees and costs, and any other relief that the Court deems proper.

## RELIEF DEMANDED

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek a judgment against Defendant, as follows:

a.  For an order certifying the Class(es) under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class(es) and Plaintiff's attorneys as Class Counsel to represent the Class(es);

b.  For an order declaring that Defendant's conduct violates the statutes

referenced herein;

c.  For an order finding in favor of Plaintiff, the Class(es) on all counts asserted herein;

d.  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.  For prejudgment interest on all amounts awarded;

f.  For an order of restitution and all other forms of equitable monetary relief;

g.  For injunctive relief as pleaded or as the Court may deem proper; and

h.  For an order awarding Plaintiff and the Class(es) and their reasonable attorneys' fees and expenses and costs of suit.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

/

/

/

/

/

/

/

**CLASS ACTION COMPLAINT**

Dated: February 28, 2019                 Respectfully submitted,

                                         /s/ Jonathan Shub
                                         Jonathan Shub (CA Bar #237708)
                                         **KOHN, SWIFT & GRAF, P.C.**
                                         1600 Market Street, Suite 2500
                                         Philadelphia, PA 19103
                                         Tel: 215-238-1700
                                         Email: jshub@kohnswift.com

                                         Gary E. Mason (pro hac to be filed)
                                         **WHITFIELD BRYSON &
                                         MASON, LLP**
                                         5101 Wisconsin Avenue NW, Ste.
                                         305
                                         Washington, DC 20016
                                         Tel: 202-640-1168
                                         Fax: 202-429-2294
                                         gmason@wbmllp.com

                                         ***Attorneys for Plaintiff and the Class***

**CLASS ACTION COMPLAINT**